Our final case of the day is United States v. Tyson Good morning, your honors. May it please the court, my name is Colleen Ramay and I Mr. Tyson was sentenced last May for being a felon in possession of a firearm. At the time, the circuit precedent established that his prior conviction under Wisconsin law for burglary was a crime of violence for purposes of the sentencing guidelines. After he was sentenced, and then accordingly with no objection, Mr. Tyson's conduct was assigned a base offense level of 24 pursuant to section 2K2.1. After he was sentenced, and before this appeal was briefed, this court held that the Wisconsin statute was overly broad to be considered a crime of violence under the guidelines, which brought us here today under a claim of plain error. Is there a threshold waiver problem here because of the plea agreement stipulation? Your honor, the plea agreement did stipulate that the initial calculations were as such, but did note that the court was not bound by any sort of stipulation and we do recognize that it wasn't challenged. But my argument is that it's most properly considered forfeited because at the time under circuit precedent, I mean, I believe that what happened was that the attorney did not see a reason to challenge the... Well, right, but ordinarily when you stipulate to the offense level, as was done here expressly in the plea agreement, that's not a forfeiture, that's a waiver. But the government may very Right, the government has not brought up waivers, so I would argue that if waiver is an issue, the government has forfeited it, or waived it. Okay, go ahead. And the government, as government has agreed, plain error then did occur. The question then becomes whether the defendant's substantial rights were violated. As we know, when the guidelines are miscalculated to the detriment of the defendant, an incorrect higher guidelines range is considered, there's a presumption created that the defendant's substantial rights were violated. In this case, the government has argued that this presumption was overcome. The case law that I have found suggests that this presumption can be overcome when a court expressly states that the sentence would remain the same no matter what the calculated range. That did not happen here. There is some suggestion in this court's precedent that the record may otherwise show that that to be the case. Counsel, let me ask you a question that's related to your theme. And it's how does your position satisfy all the requirements of the plain error standard under Olano and its successors? Let's assume from Molina-Martinez that there is a probable effect on the outcome. Olano holds that that is not sufficient to satisfy the plain error standard. There also has to be a fundamental miscarriage of justice. What the court says, the language in Olano was an error that seriously affects the fairness and public reputation of judicial proceedings. And your brief doesn't argue how that standard is satisfied. And I have some doubt about how it could be satisfied, given that your client received a sentence lower than the guideline range you're now contending is the correct guideline range. So how is the fundamental miscarriage of justice requirement satisfied? Your Honor, the specific reasons that the court gave for departing from the guidelines range related to the compounding effect of the three sentences that my client received for essentially one incident. And he had a state revocation, a federal revocation, and then this sentence on the underlying conduct. Because of the anchoring effect of the guidelines, the district court... The line of argument you're now making is essentially all the defendant has to show is a probable effect on the outcome. And I take it from Molina-Martinez that that has been shown. The question I'm asking arises from the holding of Olano in subsequent cases that a defendant appealing to the plain error standard has to show more than that. It is not enough to show a probable effect on the outcome. It is essential to show it. If you can't show that, you lose. But Olano says it's not enough to win. That's what I'm trying to get you to focus on. No, I do understand, Your Honor. I was trying to address one part of the question that noted that the current sentence is lower than the guidelines as correctly calculated. However, the point I was hoping to get to was that the court... We want the similarly situated defendants to be given sort of a similarly... We want them to be given... The whole point of the guidelines is to give them a... I wish you'd address the standard as Olano stated it. Because now you're suggesting that any error that is not harmless error must be plain error. And Olano squarely rejected that argument. And so have a bunch of subsequent Supreme Court decisions. Satisfying the harmless error standard doesn't get you to the plain error standard. Okay. I suppose that my argument then would just be based on that... We want the court to be able to consider Mr. Tyson's case in respect to similarly situated defendants. And because the guidelines were substantially higher as calculated, we think that there has been a miscarriage of justice because of this miscalculation, despite the fact that the sentence is below the guidelines when one considers the compounding effect of the three sentences. Judge Stattmiller went out of his way to criticize the guidelines in this case. He did, Your Honor. On multiple occasions. So apart from the argument about the overall anchoring effect of the guidelines range, he specifically said that I'm not going there. The guidelines here overstate his criminal history. They don't take into account the compounding effect of all these multiple violations. And they are off the charts or off the reservation, he said. And emphasized that he was well aware of the flaws in the guidelines and his booker discretion to fashion an appropriate sentence as he saw it without regard to the guidelines range. And that's, in fact, what he did in this case. Respectfully, Your Honor.  A guidelines error that the judge said, I don't care about the guidelines. Well, I wouldn't go so far necessarily to say that he didn't care about the guidelines. He said that they didn't accurately reflect the defendant's criminal history. And when applied, when one considers the compounding effect of the sentences, they would be overly punitive. Giving a guidelines sentence in this case didn't make sense to the judge. That is very clear from the sentencing transcript. However, it was amazing. He also went on a great length about over-criminalization and the cost to the Treasury to put people in prison for terms that are far too long than otherwise dictated by the guidelines or recommended by the guidelines. There's ample evidence here that the judge was not fashioning a guidelines sentence. And so a guidelines error that has no effect on the sentence can hardly be a miscarriage of justice. Your Honor, I would argue that the guidelines error did still ultimately have an effect on the sentence. While the court definitely departed from the guidelines, he cited specific reasons for departing from the guidelines, and ultimately the total sentence imposed when one considers the two additional sentences was approximately 86 months, which falls within the guidelines range as agreed to in the plea agreement. If I reserve my remaining maybe half a minute for rebuttal, thank you. Certainly, counsel. Ms. Hoffman. Thank you, Judge. May it please the court, counsel, my name is Gail Hoffman, and I respectfully request that this court affirm the sentence and find that there is no miscarriage of justice based upon the record before the court. Well, that would be an interesting argument if you had made it in your brief. I did not. But the government did not make this argument. The government didn't rely on the waiver in the plea agreement and has forfeited the waiver. And the government didn't rely on Olano. It looks like that's been forfeited too. Why should we bail out a prosecutor who doesn't make the two best arguments? Well, Judge, I'm not asking you to bail me out. I'm responding to the arguments that the court raised. I would put to the court that under the plain error standard, and even under Molino, that the record as it exists supports the fact that the court did not rely on an erroneously calculated guideline range and, in fact, imposed a sentence irrespective of the guidelines, although not explicitly stating that, stating in every other possible way that the factors that he relied on were not. I understand. Your brief essentially argues the harmless error standard. But we're here on plain error review given the government's forfeiture of the waiver, and the plain error standard is not the harmless error standard. And I was struck by the fact that your brief never articulates what the plain error standard is from Olano and a whole bunch of later decisions, and never analyzes whether those standards have been met. I apologize. I don't think it's to us that you should apologize. It might be to your superiors or to the district judge if this requires a completely unnecessary resentencing. But one would think that in a plain error case you would cite and analyze the factors that the Supreme Court says matter to plain error. I do believe, Judge, that the record before the court supports the fact that the judge imposed a sentence regardless of the guidelines and one that he found to be fair, just, and reasonable. That kills you. You've got nothing left. Pardon? I said that should kill it. You have nothing left. Does the court have any further questions? No. Nope. With that, I rest on my submission. Thank you. Mm-hmm. Anything further, Ms. Romain? Your Honor, the only thing I'd like to conclude with was because it is unclear from the record whether consideration of the proper guidelines sentence would have impacted the judge's decision, we ask for the court to remand for resentencing with such consideration. Unless there are any further questions, I'll rest. Thank you. Thank you very much, counsel. The case is taken under advisement.